UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LINDA JOYCE REEVES, | Case No. 23-cv-06237-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| JONATHAN BORZIN, et al., | Re: ECF No. 58 |
| Defendants. | |

### INTRODUCTION

The plaintiff claims that deputies from the Alameda County Sherriff's Office violated her Fourth and Fourteenth Amendment rights while arresting her at the Oakland International Airport. In various court filings, she alleges that deputies falsely claimed that she had missed her flight, arrested her with an invalid warrant, reached inside her bra and rubbed her vagina and buttocks, and raped her by placing a sex toy in her vagina. Then, at the jail, she alleges that law enforcement subjected her to a nude cavity search with men watching.[1] The defendants moved for summary judgment on theory that the initial contact was lawful, the warrant was valid, and body-worn camera (BWC) footage disproves the plaintiff's remaining claims. The court can decide the

---

[1] FAC – ECF No. 24; Case Management Statement – ECF No. 57. Citations refer to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 23-cv-06237-LB

motion without oral argument. Civil L.R. 7-1(b). The motion is granted because the defendants satisfied their initial burden, and the plaintiff did not identify evidence creating a genuine dispute of material fact.

**STATEMENT**

Deputies contacted Ms. Reeves outside the Oakland International Airport at approximately 1:51a.m. on December 22, 2022.[2] Ms. Reeves said she was at the airport for an early morning flight.[3] The deputies informed her that she had missed her flight, which was the previous day.[4] The deputies discovered an outstanding felony bench warrant for Ms. Reeves's arrest based on a failure to appear.[5] After confirming Ms. Reeves's identity and the validity of the warrant, the deputies detained Ms. Reeves.[6] Before searching Ms. Reeves, the deputies asked if she had anything sharp on her person. She told them that she had a knife in her bra. Deputy Ruiz said that they would need to remove it. Ms. Reeves objected, and the deputies did not remove the knife.[7]

Ruiz proceeded to search Ms. Reeves while Deputy Borzin assisted. Ruiz removed Ms. Reeves's purse and a carabiner of keys, both worn above her clothing.[8] Ruiz performed a pat-down search of Ms. Reeves — including on the inside of her legs — using the back of his hand.[9] Later in the search, Ms. Reeves yelled "get out of my drawers" and pulled away from Ruiz.[10] At the time, Ruiz's and Borzin's hands are visible on Deputy Hoskins' BWC.[11] Ms. Reeves began

---

[2] Torres BWC (Ex. B) – ECF No. 59-2 at 1:51:16.

[3] *Id.* at 1:52:02–06.

[4] *Id.* at 2:03:43–2:04:42; Hoskins BWC (Ex F) – ECF No. 59-6 at 2:04:05–2:04:22.

[5] Bench Warrant (Ex. G) – ECF No. 59-7; Warrant Abstract from ASCO Database (Ex. H) – ECF No. 59-8.

[6] Torres BWC (Ex B) – ECF No. 59-2 at 1:57:40–44, 1:59:55–2:08:59; Ruiz BWC (Ex. D) – ECF No. 59-4 at 2:00:38–2:09:38.

[7] Ruiz BWC (Ex. D) – ECF No. 59-4 at 2:10:39–2:11:20.

[8] *Id.* at 2:11:18–55, 2:12:57–2:13:13.

[9] *Id.* at 2:13:48–2:14:01.

[10] *Id.* at 2:14:14–18.

[11] Hoskins BWC (Ex. J) – ECF No. 2:14:29–36.

yelling "you're hurting me" as other deputies came to assist.[12] The deputies put Ms. Reeves in the back seat then Ruiz and Borzin transported her to Santa Rita Jail.[13]

Ms. Reeves was searched again at Santa Rita. The defendants were not present.[14] A female deputy, Breanna Harvey, performed an above-clothes pat-down search and removed the knife from Ms. Reeves's bra. Male deputies were present on the other side of a privacy curtain. Ms. Reeves was not nude, and did not receive a cavity search.[15]

## LEGAL STANDARD

The court must grant summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Id.* at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248–49.

The party moving for summary judgment has the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting

---

[12] Ruiz BWC (Ex. D) – ECF No. 59-4 at 2:14:27.

[13] Torres Decl. – ECF No. 62 (¶ 19); Hoskins Decl. – ECF No. 65 at 4 (¶ 15).

[14] Torres Decl. – ECF No. 62 (¶ 19); Hoskins Decl. – ECF No. 65 at 4 (¶ 15); Borzin Decl. – ECF No. 63 at 5 (¶¶ 19, 21); Ruiz Decl. – ECF No. 64 at 6 (¶¶ 23, 26).

[15] Harvey BWC (Ex. M) – ECF No. 59-13 at 4:06:49–4:10:27; Ng Decl. – ECF No. 66 at 4 (¶ 16).

*Celotex*, 477 U.S. at 325)). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, then the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan*, 210 F.3d at 1103. "Once the moving party carries its initial burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial." *Devereaux*, 263 F.3d at 1076 (cleaned up). If the nonmoving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23. A dispute is not genuine if the allegation is contradicted by video evidence such that no reasonable jury could believe it. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

When ruling on a motion for summary judgment, the court does not make credibility determinations or weigh conflicting evidence. Instead, it views the evidence in the light most favorable to the nonmoving party and draws all factual inferences in the nonmoving party's favor. *E.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3). A "district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). In other words, "whatever establishes a genuine issue of fact must both be in the district court file and set forth in the response." *Id.* at 1029; *see Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("[I]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.").

"A district court lacks the power to act as a party's lawyer, even for pro se litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). Pro se litigants, like other litigants, must comply strictly with the summary judgment rules. *Id.* at 1219.

# ANALYSIS

Ms. Reeves alleges unlawful conduct throughout her detention and processing. Her allegations fail as a matter of law because she does not identify any evidence of misconduct other than her own allegations. Rather, in view of the BWC footage and the defendants' undisputed evidence, no jury could find for Ms. Reeves.

**1. Ms. Reeves's detention was lawful.**

The issue is whether there is a genuine dispute as to the legality of Ms. Reeves's detention. There is not.

First, the plaintiff's flight is immaterial. While Ms. Reeves maintains that she did not miss her flight, it has no bearing on her claims because deputies did not detain her until they discovered a warrant for her arrest. Before that, Ms. Reeves was in a public place, voluntarily answered questions, and did not attempt to leave. Thus, there was no seizure. Moreover, because loitering is not allowed at the airport, law enforcement may ask for identification and a boarding pass. Oakland International Airport Rules and Regulations, Section 8.01.050(J).

Second, the warrant was facially valid. In her opposition brief, the plaintiff argues that the warrant was withdrawn the same day it was issued because, according to online sources, "Warrant revoked OREV" may mean that a warrant was revoked.[16] That's not what this warrant says. Instead, there is a checked box labelled "OR Revoked OREV." Contrary to the plaintiff's assertion, that means her release on her own recognizance (OR) was revoked, not the warrant itself. In fact, the warrant had a box labelled "BW Withdrawn" (i.e., bench warrant withdrawn) that was *not* checked.[17] The defendants also provide evidence, to which the plaintiff did not respond, showing that they confirmed that the warrant was still in effect before arresting Ms.

---

[16] Opp'n – ECF No. 76 at 3.

[17] Bench Warrant (Ex. G) – ECF No. 59-7.

Reeves.[18] There is no genuine dispute as to the facial validity of the warrant or the lawfulness of the detention.

### 2. The search incident to arrest was lawful.

The issue is whether there is any genuine dispute of material fact about the legality of the search incident to arrest. There is not.

The plaintiff alleges that, during the search, Ruiz reached inside her bra twice and rubbed her vagina and buttocks with his hand. Any unlawful touching is disproved by BWC. Contrary to assertions in the plaintiff's opposition brief, Ruiz's BWC was recording throughout the encounter. The video shows that he did not reach inside the plaintiff's bra. Instead, he removed her purse and a set of keys that were worn above the plaintiff's clothes near her neck. He discussed removing the pocketknife from the plaintiff's bra, but did not do so after Ms. Reeves objected. Ruiz then used the back of his gloved hand to pat down the inside of the plaintiff's legs. To the extent he contacted the plaintiff's groin area above her clothes, BWC footage shows that it was within the scope of a proper search incident to arrest and thus was not a constitutional violation.[19] *Grummett v. Rushen*, 779 F.2d 491, 495 (9th Cir.1985) ("[R]outine pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate the fourteenth amendment because a correctional officer of the opposite gender conducts such a search.").

### 3. Ms. Reeves was not raped.

The issue is whether there is a genuine dispute of material fact as to whether Ms. Reeves was raped. There is no genuine dispute.

Ms. Reeves claims that, during the arrest, deputies put a vibrating sex toy in her vagina. The complaint alleges that the incident occurred when deputies searched her by the police car.[20] Ms.

---

[18] Ruiz BWC (Ex. D) – ECF No. 59-4 at 2:00:38–2:09:38.

[19] Ruiz BWC (Ex. D) – ECF No. 59-4 at 2:14:14–18; Hoskins BWC (Ex. J) – ECF No. 2:14:29–36.

[20] FAC – ECF No. 24 at 2–3.

Reeves confirmed that sequence of events at her deposition. She testified that the sensation began and ended before deputies put her in the vehicle.[21]

There is no evidence to support the claim. To the contrary, BWC footage precludes the possibility. The search by the patrol car is well-documented from three perspectives, including from Ruiz's BWC. No officer is shown with a sex toy. The plaintiff is fully clothed. At one point, the plaintiff yells "get out of my drawers."[22] At the time, Ruiz's and Borzin's hands are visible on Hoskins' BWC.[23] There is simply no opportunity for an officer to put anything in the plaintiff's vagina as she alleges.

In court filings, Ms. Reeves may have suggested that the rape occurred in the vehicle.[24] The allegation is not in the complaint, would contradict her own deposition testimony, and again lacks evidentiary support other than uncorroborated, self-serving argument. Allegations are insufficient to create a genuine dispute of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (uncorroborated and self-serving testimony insufficient to create genuine dispute of material fact).

### 4. The alleged incidents at Santa Rita did not occur.

The issue is whether there is a genuine dispute of material fact as to whether Ms. Reeves was subjected to a naked cavity search at Santa Rita. Again, all available evidence suggests it never happened. While recording on her BWC, Deputy Harvey performed an over-clothes search and removed the knife from Ms. Reeves's bra. Male deputies were present on the other side of a privacy curtain. A cavity search was not performed.[25] The plaintiff does not identify any evidence to the contrary other than her own allegations.

---

[21] Reeves Dep. (Ex. A) – ECF No. 59-1 at 16 (31:11–16), 20 (35:21–23).

[22] Ruiz BWC (Ex. D) – ECF No. 59-4 at 2:14:14–18.

[23] Hoskins BWC (Ex. J) – ECF No. 2:14:29–36.

[24] Opp'n – ECF No. 76 at 7; Case Management Statement – ECF No. 57 at 3.

[25] Harvey BWC (Ex. M) – ECF No. 59-13 at 4:06:49-4:10:27; Ng Decl. – ECF No. 66 at 4 (¶ 16).

ORDER – No. 23-cv-06237-LB                7

# CONCLUSION

Ms. Reeves has not identified any evidence to support her claims. To the contrary, in view of the video evidence, no jury could find for Ms. Reeves. The motion is granted.

**IT IS SO ORDERED.**

Dated: May 22, 2025

LAUREL BEELER
United States Magistrate Judge